UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEON THOMAS JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:25-CV-00101 JMB |
| | ) | |
| TPS PARKING MANAGEMENT LLC | ) | |
| and DIEDRE TURNER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Claims, in Part.  (Doc. 9).  Plaintiff has not filed a response, and the motion is ready for disposition.  For the reasons set forth below, the motion will be granted in part and denied in part.

In this removed action, self-represented Plaintiff Leon Thomas Jr. alleges he was unlawfully terminated from his position as a bus driver with Defendant TPS Parking Management LLC ("TPS") because of his age.  (Docs. 1, 1-3).  He asserts claims of discrimination against Defendant TPS (Count 1), retaliation against both Defendants (Count 2), "Section 290.140 RSMO Service Letter" against both Defendants (Count 3), infliction of emotional distress against Defendant Diedre Turner (Count 4), and "Prejudgment Interest" against both Defendants (Count 5).  (Doc. 1.3 at 1-11).

Defendants now move for dismissal in part, arguing that Plaintiff's claim against Defendant Turner in Count 2 and all the claims set forth in Counts 3, 4, and 5 should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docs. 9, 10).  The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and

1

deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In ruling on a motion to dismiss, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, the Court need not accept as true "pleadings that … are no more than conclusions." Iqbal, 556 U.S. at 679.

Defendants argue that Plaintiff impermissibly states a claim in Count 2 against Defendant Turner under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, because there is no individual liability under the ADEA. (Doc. 10 at 3-4 (citing Williams v. City of St. Louis, No. 4:23cv-00092-MTS, 2023 WL 3019635, at *3-4 (E.D. Mo. Apr. 20, 2023)). This Court is persuaded by Defendants' argument and will therefore dismiss the claim against Defendant Turner in Count 2. See Williams, 2023 WL 3019635, at *3 ("Because Title VII and the ADEA are treated analogously, district courts in the Eighth Circuit have determined that there is no individual liability under the ADEA, even though the Court of Appeals itself has not ruled on the issue." (collecting cases).

Defendants next argue that Plaintiff's claims in Count 3 under the Missouri Service Letter Act, as set forth in Missouri Revised Statute § 290.140, are subject to dismissal because Plaintiff failed to attach relevant documents to his pleadings (i.e., his request for service letter and Defendant TPS's response) in accordance with Missouri Rule of Civil Procedure 55.22(a), which

provides: "When a claim or defense is founded upon a written instrument, the same shall be recited verbatim in the pleading, or a copy shall be attached to the pleading as an exhibit." However, "even in cases removed from state court, federal courts 'apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law.'" Owens v. Bos. Sci. Corp., 642 F. Supp. 3d 907, 911 (E.D. Mo. 2022) (quoting Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013)). Thus, Plaintiff's failure to comply with Rule 55.22(a) is irrelevant.

Defendants further argue Plaintiff failed to allege that he met the statutory requirements to assert a claim under Section 290.140. (Doc. 10 at 4-5). Section 290.140 states:

> 1. Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, requests in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.

> 2. Any corporation which violates the provision of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damages under this section shall be based upon the content of any such letter.

Mo. Rev. Stat. § 290.140(1)-(2). Defendants specifically contend Plaintiff failed to allege that he addressed his request for service letter to an appropriate TPS official, that he referenced Section

290.140 in his request, that Defendant TPS neglected to issue a proper service letter in response, or that he sustained damages as a result.

Here, Plaintiff alleges that "on September 6, 2023, [he] made a request for a Service Letter CERTIFIED MAIL, RETURN REQUESTED, ARTICLE NUMBER 7019 2280 0001 7331 0512," and that "Defendant failed and neglected to issue a proper service letter in observance of the Statute and in essence did not issue a service letter." (Doc. 1.3 at 7). Plaintiff further alleges that as result of TPS's inaction, he has experienced numerous physical manifestations of stress for which he has sought treatment and incurred medical expenses; that he "suffers and will in the future continue to suffer great physical and mental anguish"; and that his ability to work has been "greatly impaired and diminished" due to his injuries. (Doc. 1.3 at 8). In light of these allegations, the Court finds that Plaintiff has plausibly asserted a claim against Defendant TPS under Section 290.140 for failure to issue a service letter within forty-five days of his request. See Iqbal, 556 U.S. at 678 ("the pleading standard Rule 8 announces does not require detailed factual allegations"). Defendants' motion will therefore be denied in this respect. As evident from the plain language of the statute, however, only a corporation may be held liable under Section 290.140. See Smith v. Ideal Image Dev. Corp., No. 4:20-CV-00761 SRC, 2020 WL 6504425, at *4 n.4 (E.D. Mo. Nov. 5, 2020) (citation omitted). Plaintiff's claim against Defendant Turner in Count 3 will therefore be dismissed.

As to Count 4, Defendants argue that infliction of emotional distress it is not a cognizable cause of action. Defendants further argue that to the extent Plaintiff attempts to bring a cause of action for either intentional infliction of emotional distress or negligent infliction of emotional distress, he fails to plead, respectively, that Defendant Turner engaged in extreme and outrageous conduct or that his emotional distress is medically diagnosable. (Doc. 10 at 5-7). The Court finds

4

that, even construing Plaintiff's petition as asserting a claim of either intentional or negligent infliction of emotional distress, his allegations are nonetheless insufficient to meet the federal pleading standard.  In Count 4, Plaintiff's sole allegation regarding Defendant Turner is that she sent him "certain post-dated disciplinary write up and directed [him] to affix his signature." (Doc. 1.3 at 9).  Based on this sole allegation, the Court cannot reasonably infer that Defendant Turner engaged in conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Elliott v. Procter & Gamble U.S. Bus. Servs. Co., 2023 WL 2645603, at *3 (E.D. Mo. Mar. 27, 2023) (intentional infliction of emotional distress) (quoting Polk v. INROADS/St. Louis, Inc., 951 S.W.2d 646, 648 (Mo. Ct. App. 1997)); see also Iqbal, 556 U.S. at 678.  Similarly, the Court cannot reasonably infer that Defendant Turner "realized or should have realized that [her] conduct involved an unreasonable risk of causing distress."  Gordon v. City of Kansas City, Mo., 241 F.3d 997, 1004 (8th Cir. 2001) (negligent infliction of emotional distress) (citing Gibson v. Brewer, 952 S.W.2d 239, 248-49 (Mo. 1997) (en banc)); see also Iqbal, 556 U.S. at 678.  Plaintiff's claim for infliction of emotional distress, as set forth in Count 4, will therefore be dismissed without prejudice.

Finally, Defendants argue that Plaintiff's claim for prejudgment interest in Count 5 fails because it is not a cognizable cause of action but should instead be pursued as a form of damages. (Doc. 10 at 7-8).  This Court tends to agree.  See generally, In Re: Nanobeak Biotech Inc., 656 B.R. 350, 369 (S.D.N.Y 2024) (finding that a claim for prejudgment interest was "not a standalone cause of action" because awarding interest is "a remedy that courts award when a plaintiff has been successful on a cause of action that supports such an award"); Hanna v. Met Life Ins Co., No. 09 C 7909, 2010 WL 11712804, at 3 (N.D. Ill, Apr. 8, 2010) (rejecting the plaintiff's claim

for prejudgment interest because "[the plaintiff's] prejudgment interest allegations should be included as part of her prayer for relief—not as a separate cause of action"). The Court will grant Defendants' motion as to Count 5 but will nevertheless liberally construe Plaintiff's allegations in this count as seeking prejudgment interest in the form of damages on his remaining claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Turner in Counts 2 and 3 are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Turner in Count 4 is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants in Count 5 are **DISMISSED with prejudice**.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

This case will be set for a Rule 16 Scheduling Conference by separate Order.


_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE


Dated this 8th day of April, 2025.

6