UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEON THOMAS JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:25 CV 101 JMB |
| | ) |
| TPS PARKING MANAGEMENT LLC, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On April 9, 2025, the Court entered an Order Setting Rule 16 Conference (Doc. 15). Plaintiff, who is self-represented, failed to comply with the Court's April 9 Order. Namely, Plaintiff failed to meet and confer with defense counsel, failed to participate in the preparation of a joint proposed scheduling plan, and failed to appear for the scheduling conference without any notice to the Court. Both defense counsel and the Court engaged in efforts to communicate with Plaintiff. However, these efforts were rendered futile by Plaintiff's failure to promptly notify the Clerk and all other parties to the proceedings of changes to his contact information, as required by Local Rule 2.06(B).

On May 20, 2025, the Court issued an Order to Show Cause, directing Plaintiff to show cause, in writing, as to why he failed to comply with the Court's April 9 Order Setting Rule 16 Conference (Doc. 22). Plaintiff was further directed to file his response no later than May 27, 2025. The Court admonished Plaintiff that his failure to show cause would result in the dismissal of this action, without prejudice, for failure to prosecute. Also on May 20, 2025, shortly following the Court's entry of the show cause order, Plaintiff filed a form Request by Non-Prisoner Self-

Represented Party for Electronic Noticing, in which he provided an updated mailing address, telephone number, and email address (Doc. 24).

To date, Plaintiff has neither responded to the show cause order, nor sought additional time to do so.  Plaintiff was given meaningful notice of what was expected, was cautioned that his case would be dismissed if he failed to timely comply and was given ample time to comply.  The Court will therefore dismiss Plaintiff's remaining claims against Defendant, without prejudice, due to his failure to comply with the Court's May 20 Order to Show Cause and his failure to prosecute this case.  See Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly an expeditious disposition of cases"); Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's remaining claims against Defendant are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of June, 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE